

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-6-2004

# Brown v. Warden SCI Retreat

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2619

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Brown v. Warden SCI Retreat" (2004). *2004 Decisions.* Paper 525.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/525

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2619
_____

DAVID BROWN,

v.

*Appellant*

WARDEN, SCI-RETREAT

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 98-cv-01961)
District Judge: Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
June 29, 2004
Before: AMBRO, BECKER and GREENBERG, *Circuit Judges*

(Filed July 6, 2004)

_____

OPINION
_____

BECKER, *Circuit Judge.*

    This is an appeal by defendant David Brown from an order of the District Court

denying his petition for habeas corpus under 28 U.S.C. § 2254.  Brown is a state prisoner

currently serving a sentence of imprisonment for burglary, assault, and related offenses. He contends that his state court trial counsel rendered ineffective assistance when he failed to seek the removal of a juror who had been the victim of a burglary and had, on another occasion, been threatened with a handgun. Although the District Court agreed that counsel's representation was deficient, it denied relief on the ground that Brown had failed to prove prejudice in terms of actual bias against the defendant. Brown argues that the District Court erred in utilizing an "actual bias" standard rather than an "implied bias" standard, and that, even if an "actual bias" standard is the correct one, the District Court erred in its application of the standard. Because the parties are fully familiar with the background facts and procedural history we need not set them forth, and limit our discussion to our *ratio decidendi*. For the reasons that follow, we will affirm.

The evidentiary hearing conducted by the District Court contained the following testimony by Mr. Bobb, the juror whose putative bias was the primary basis of the habeas challenge concerning burglary of Bobb's home, which he conceded made his wife feel insecure: "Mr. Brown wasn't involved in that crime [the one against Mr. Bobb], so I'm not going to hold anything against him." Additionally, in response to the Court's question: "Had you been asked about that [being threatened with a gun], would that have colored your judgment, in any way, as far as you rability to listen to the evidence and decided the case, based on the evidence that you heard and the instructions that the court gave?," Bobb replied "no." Bobb also testified that "he [the appellant] wasn't the one

2

who burglarized my house, so I was going in there with a fair and open mind."  With respect to the other incident, occurring about five or six years prior to Brown's trial, an individual the Bobbs were buying a house from threatened Bobb with a gun, but Bobb testified that this incident would not have colored his judgment in any way, and that he would be able to listen to the evidence and decide the case based on the evidence and the Court's instructions.

Brown's contention that this case should be governed by an implied bias standard, *see Smith v. Phllips*, 455 U.S. 209, 221 (1982) ( O'Connor, J., concurring), is legally frivolous.  As we noted in *United States v. Calabrese*, 942 F.2d 218 (3d Cir.1991), application of the doctrine of implied bias is "'limited in application to those extreme situations where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations under the circumstances.'"  *Id*. at 226 n.3 (quoting *Person v. Miller*, 854 F.2d 656, 664 (4th Cir. 1988)).  That standard simply does not "fit" the facts here, which are light years from the facts of *Smith*.  Thus the actual bias standard applies.

In determining whether a juror is (actually) biased, a court should consider factors such as: the objective similarities between the events, the effects of the crime on the juror's life, and the passage of time since the crime.  *See, e.g.*, *Gonzales v. Thomas*, 99 F.3d 978, 990-91 (10th Cir. 1996).  Bobb's testimony at the District court's evidentiary hearing establishes that the situations were dissimilar.  First, Bobb's house was

burglarized while he was not at home, unlike the victims in Brown's case. Second, two years had passed. Finally, but for Bobb's wife feeling insecure, the incident had little or no effect on Bobb's life. The second incident (involving the gun threat) also had no influence on Bobb's life. Applying *de novo* review to Brown's ineffective assistance of counsel claim, *see United States v. Cross*, 308 F.3d 308, 314 (3d Cir. 2002) (citing *Duncan v. Morton*, 256 F.3d 189, 200 (3d Cir. 2001)), we are satisfied that juror Bobb was not actually biased, and hence there was no prejudice flowing from his counsel's putative ineffective assistance. The order of the District Court denying Brown's application for a writ of habeas corpus will be affirmed.